JOURNAL ENTRY AND OPINION
{¶ 1} Kenneth Short III appeals from an order of Judge Christine T. McMonagle that denied his motion for an in camera inspection of Grand Jury testimony, which he filed along with his second postconviction relief petition. He claims, contrary to the judge's decision, that she had the jurisdiction to rule on that motion. We affirm.
 {¶ 2} From the record we glean the following: In 1996, a jury found Short guilty of aggravated murder with a firearm specification,[1] and of having a weapon under a disability.[2] Judge William Aurelius sentenced him to three years consecutive to life for aggravated murder, and an additional consecutive eleven months for the weapon disability count. Short's appeal of his conviction was affirmed.[3]
 {¶ 3} Almost four years later, he filed a "Petition to Vacate or Set Aside Sentence Based on Newly Discovered Evidence," under R.C. 2953.23(A), arguing that one of the State's witnesses falsely testified about his criminal record at Short's trial; however, that motion was denied. Short again appealed ("ShortII") and, while that appeal was pending, he moved for an in camera inspection of the Grand Jury testimony of three witnesses and then filed a second postconviction relief petition.[4]
In Short II, we affirmed finding that the petition was untimely and without exception.[5]
 {¶ 4} Following release of our decision in Short II, the judge denied the in camera inspection motion, citing the lack of jurisdiction. It is from this order that Short appeals in a single assignment of error set forth in the Appendix to this opinion.
 {¶ 5} In Short II, Short claimed he was entitled to relief because three State witnesses gave false testimony about their criminal histories.[6] We found that the witnesses' criminal histories were a matter of public record and, therefore, available prior to trial and could not be considered newly discovered evidence. Similarly, in his motion for an in camera inspection, he again cited to the false testimony of these witnesses, asking that he be permitted to view the grand jury testimony in order to determine whether the witnesses also lied to those people.
 {¶ 6} Untimely petitions for postconviction relief are governed by R.C. 2953.23(A),[7] which states:
"(A) Whether a hearing is or is not held on a petition filedpursuant to section 2953.21 of the Revised Code, a court may notentertain a petition filed after the expiration of the periodprescribed in division (A) of that section or a second petitionor successive petitions for similar relief on behalf of apetitioner unless division (A)(1) or (2) of this sectionapplies:"(1) Both of the following apply:"(a) Either thepetitioner shows that the petitioner was unavoidably preventedfrom discovery of the facts upon which the petitioner must relyto present the claim for relief, or, subsequent to the periodprescribed in division (A)(2) of section 2953.21 of the RevisedCode or to the filing of an earlier petition, the United StatesSupreme Court recognized a new federal or state right thatapplies retroactively to persons in the petitioner's situation,and the petition asserts a claim based on that right."(b) Thepetitioner shows by clear and convincing evidence that, but forconstitutional error at trial, no reasonable factfinder wouldhave found the petitioner guilty of the offense of which thepetitioner was convicted or, if the claim challenges a sentenceof death that, but for constitutional error at the sentencinghearing, no reasonable factfinder would have found the petitionereligible for the death sentence."
 {¶ 7} Unless the exceptions in R.C. 2953.23 apply, a judge lacks jurisdiction to consider a petition for postconviction relief, a ruling that we upheld in Short II, supra. Short failed to prove that he was entitled to any statutory exception for his untimely petition. With no pending motions that would necessitate further discovery, the judge lacked the jurisdiction to review the particularized need for an in camera inspection. Even if Short had an outstanding motion for postconviction relief pending at the time he filed his motion for an in camera inspection, the release of any grand jury testimony was not justified. "[G]rand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy."[8]
 {¶ 8} The fact remains that, at the time that the in camera motion was pending, Short did not have any matters before the judge, and has cited no law to support giving her jurisdiction on a random discovery motion. This assignment of error is overruled.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
Sweeney and Karpinski, JJ., concur.
 APPENDIX I. "The trial court erred as a matter of law in ruling that itdid not have jurisdiction to rule upon the motion for in camerainspection of grand jury testimony. (Decision, August 11,2003)."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2903.01.
[2] R.C. 2929.13.
[3] State v. Short (Dec. 17, 1998), Cuyahoga App. No. 73618. ("Short I").
[4] Short subsequently dismissed that petition.
[5] State v. Short (July 3, 2003), Cuyahoga App. No. 82246.
[6] Although he claimed that three witnesses lied regarding their past criminal histories, he only submitted arguments as to one of these witnesses.
[7] We note that R.C. 2953.23 was amended by S.B. 11, Acts 2003, effective Oct. 29, 2003.
[8] State v. Greer (1981), 66 Ohio St.2d 139, 420 N.E.2d 982, paragraph two of the syllabus.