[Cite as *Cleveland v. Palik*, 2011-Ohio-6082.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96760**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## JOHN A. PALIK

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 88 CRB 000633

**BEFORE:** Cooney, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** November 23, 2011

**ATTORNEY FOR APPELLANT**

Hans C. Kuenzi
Hans C. Kuenzi Co. LPA
Skylight Office Tower, Suite 410
1660 W. 2nd Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law
City of Cleveland
601 Lakeside Ave., Room 106
Cleveland, Ohio   44114-1077

Victor R. Perez
Chief City Prosecutor
Christina Haselberger
Assistant City Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.  Defendant-appellant, John A. Palik ("Palik"), appeals the denial of his motion for relief from judgment.  We find no merit to the appeal and affirm.

{¶ 2}   In February 1988, Palik was convicted of domestic violence under R.C. 2919.25 in the Cleveland Municipal Court and sentenced accordingly.   In October 2010, Palik filed a motion for relief from judgment pursuant to Civ.R. 60(B).[1]   The trial court denied the motion for lack of jurisdiction.   This appeal followed.

{¶ 3}   In his sole assignment of error, Palik argues the trial court erred as a matter of law in denying his motion for relief from judgment for lack of jurisdiction.   Palik asserts that the trial court had jurisdiction to hear his Civ.R. 60(B) motion for relief from judgment pursuant to Crim.R. 57(B), which permits the trial court to apply the Rules of Civil Procedure when no applicable Rule of Criminal Procedure exists.   Thus, he argues that Civ.R. 60(B) may be used to seek postconviction relief when there is no criminal rule available to address the specific issue.

{¶ 4}   However, Crim.R. 35 and R.C. 2953.21 specifically provide a method for postconviction relief.   R.C. 2953.21(J) expressly states that it provides "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."   R.C. 2953.21(J).   In other words, R.C. 2953.21 precludes Palik from challenging his conviction under Civ.R. 60(B).   *State v. Ingles*, Hamilton App. No. C-100297, 2011-Ohio-2901, ¶3.   And the Ohio Supreme Court has held that a trial court may recast a motion for relief from judgment as a petition for

---

[1]Palik sought "relief from the unjust operation of his judgment due to the passage of legislation prohibiting his possession of a firearm."

postconviction relief. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, syllabus.

{¶ 5} Furthermore, Palik's motion challenging his conviction is untimely. R.C. 2953.23 governs untimely petitions for postconviction relief. It provides that a court may consider an untimely petition only if the petitioner demonstrates both that (1) he was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," or that subsequent to the 180-day time period set forth in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to his situation and his claim is based upon that right; and (2) but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. "Unless the exceptions in R.C. 2953.23 apply, the trial lacks jurisdiction to consider a petition for postconviction relief." *State v. Short*, Cuyahoga App. No. 83492, 2004-Ohio-2695, ¶4.

{¶ 6} Palik did not demonstrate that he was unavoidably prevented from discovering the facts upon which his postconviction claims depended. Nor did he predicate his postconviction claims upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired. Moreover, Palik admits that he "never claimed that he had been denied his constitutional rights at trial." Therefore, because Palik failed to satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23, the

municipal court had no jurisdiction to consider his petition for postconviction relief from judgment.

{¶ 7} Accordingly, the sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J. SWEENEY, J., CONCUR