[Cite as *State v. Shepherd*, 2014-Ohio-1736.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100660**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES SHEPHERD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-02-427416-A

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**FOR APPELLANT**

Charles Shepherd, pro se
434-286 Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Charles Shepherd ("Shepherd"), appeals the denial of his Civ.R. 60(B) motion for new trial. We find no merit to the appeal and affirm.

{¶2} In 2002, Shepherd was charged with rape and attempted kidnapping. The charges included sexually violent predator, repeat violent offender, and sexually motivated specifications. At a jury trial, an investigating officer testified that Shepherd and the victim had a sexual relationship for a long period of time. Shepherd told police that he and the victim were "boyfriend and girlfriend" and that the sex was consensual.

{¶3} However, the officer testified that the victim's diminutive mental capabilities were immediately apparent to others and that the victim was incapable of consenting to a sexual relationship. "The victim had child-like interests, such as completing puzzles, coloring, watching television shows such as Clifford the Big Red Dog and Scooby Doo, and playing hide and seek with her best friend who was a child." *State v. Shepherd*, 8th Dist. Cuyahoga No. 81926, 2003-Ohio-3356, ¶ 6. An expert witness testified that the victim's mental age was that of a five-year-old. He further stated that the victim had an IQ of about 33 or 34 and that an IQ of 70 or below indicates severe mental retardation.

{¶4} The jury found Shepherd guilty of rape and attempted kidnaping. The court found him guilty of the sexually violent predator, repeat violent offender, and sexually motivated specifications and sentenced Shepherd to 38 years to life in prison. This court affirmed Shepherd's convictions and sentence. *Shepherd* at ¶ 1, 102.

**{¶5}** In October 2013, Shepherd filed a motion for relief from judgment pursuant to Civ.R. 60(B). He attached an affidavit to the motion purportedly signed by the victim stating that she and Shepherd were lovers and that no rape ever occurred. The trial court treated the motion as a petition for postconviction relief and denied it as untimely. The court also struck the affidavit as having been improperly notarized. Shepherd now appeals and raises two assignments of error.

## Civ.R. 60(B)

**{¶6}** In the first assignment of error, Shepherd argues the trial court erred in dismissing his Civ.R. 60(B) motion for relief from judgment as an untimely petition for postconviction relief without a hearing.

**{¶7}** Civ.R. 60(B), a rule of civil procedure, is sometimes applied to criminal cases by reference to Crim.R. 57(B), which allows the trial court to apply the Rules of Civil Procedure when no applicable Rule of Criminal Procedure exists. Crim.R. 35 and R.C. 2953.21 provide the procedure for seeking postconviction relief. R.C. 2953.21(J) expressly states that it provides "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." Thus, R.C. 2953.21 precludes Shepherd from challenging his conviction under Civ.R. 60(B). *Cleveland v. Palik*, 8th Dist. Cuyahoga No. 96760, 2011-Ohio-6082, ¶ 4. In these circumstances, a trial court may recast a motion for relief from judgment filed pursuant to Civ.R. 60(B) as a petition for postconviction relief. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, syllabus. Therefore, the trial court did not err in

treating Shepherd's motion for relief from judgment as a petition for postconviction relief.

{¶8} The trial court denied Shepherd's petition for postconviction relief as "improper under the rules and untimely." Shepherd contends the court erred in denying his petition without a hearing. However, a trial court is not required to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus.

{¶9} R.C. 2953.21, which governs postconviction relief petitions, requires the petitioner file a petition no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction, or if no appeal is taken, no later than 180 days after the expiration of time for filing the appeal. R.C. 2953.21(A)(2). The time limit for filing a motion for postconviction relief is jurisdictional. *State v. Johns*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8, and a trial court generally has no authority to consider an untimely filed petition for postconviction relief. *State v. Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443, ¶ 23.

{¶10} The trial court may nevertheless consider an untimely petition for postconviction relief if (1) the petitioner demonstrates that he was unavoidably prevented from discovering the facts on which he relies in the petition, or (2) that the United States Supreme Court has, since his last petition, recognized a new federal or state right that

applies retroactively to the petitioner. R.C. 2953.23(A)(1)(a). Further, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(b).

{¶11} In this case, Shepherd's petition was filed over ten years after he filed the trial transcript in his direct appeal. Because Shepherd filed his petition outside the statutory 180-day limitations period, the petition is untimely, and Shepherd failed to demonstrate that he was unavoidably prevented from discovering facts relating to his petition or that any new federal or state right retroactively applies to him. Therefore, because his petition was filed beyond the statutory deadline, and none of the exceptions to the statutory time limitation were established, the trial court properly denied Shepherd's petition as untimely.

{¶12} Accordingly, the first assignment of error is overruled.

**Victim's Affidavit**

{¶13} In the second assignment of error, Shepherd argues the trial court erred in dismissing his petition for postconviction relief without considering the affidavit attached to the petition. The court struck the petition as "improperly notarized."

{¶14} The affidavit contained a purported statement by the victim in which she averred that she was Shepherd's "girlfriend" and "lover" for years and was "coerced into making statements that were untrue and involved unfounded facts and fabrications about a rape that never happened." The affidavit contains the victim's signature as well as a

statement from Shepherd in which he "swears" he received the affidavit from the victim on September 20, 2013. A notary's signature appears below Shepherd's signature and acknowledges that the victim and Shepard's signatures were "subscribed" in the notary's presence on September 25, 2013. The notary's acknowledgment conflicts with Shepard's "sworn" statement that he received the affidavit already signed by the victim on September 20, 2013. Thus, the affidavit fails to comply with the requirements of R.C. 147.53, which requires the notary acknowledge the witness's signature in her presence at the time of notarization. Therefore, the trial court properly concluded that the affidavit was not properly notarized.

{¶15} Furthermore, evidence in the record indicates the victim was incapable of understanding the statements presented in the affidavit. As previously stated, the victim is a severely handicapped and mentally retarded woman. There was expert evidence presented at trial that she had a mental capacity of a five year old. Therefore, the trial court had good reason to believe the victim's purported statement was unreliable. Moreover, Shepherd's representation that his relationship with the victim was that of "boyfriend and girlfriend" was previously presented at trial and rejected.

{¶16} Therefore, the second assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR