[Cite as *State v. Curry*, 2019-Ohio-5338.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108088 |
| v. | : | |
| RONALD CURRY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-597049-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Ronald Curry, *pro se.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Ronald Curry, appeals pro se from the trial court's judgment denying his petition for postconviction relief. He raises the following assignment of error for review:

The trial court erred when it denied appellant's grounds for his postconviction petition based upon guarantees outlined in and in violation of Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution as he had ineffective assistance of counsel for failing to call a witness in his defense.

{¶ 2} After careful review of the record and relevant case law, we find Curry's postconviction petition failed to set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} In July 2015, Curry was named in a criminal indictment, charging him with four counts of aggravated robbery in violation of R.C. 2911.01(A)(1); three counts of rape in violation of R.C. 2907.02(A)(2); four counts of kidnapping in violation of R.C. 2905.01(A)(2); two counts of kidnapping in violation of R.C. 2905.01(A)(4); and a single count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2). Each offense included a three-year firearm specification.

{¶ 4} In March 2017, the matter proceeded to a jury trial, where the following relevant facts were adduced:

In July 1995, Curry and an accomplice, both wearing masks to hide their identities, robbed two male and two female victims at gunpoint in the backyard of the home of one of the victims. At trial, the victims testified that several were deprived of their property, but in the original police report, the investigating police officer only noted that one of the victims had property stolen during the robbery.

The two female victims, [N.C. and T.B.] were forcibly removed to secluded areas on the property and were raped. Each assailant marched one of the female victims to a different area — [T.B.] was taken to a bedroom inside the house and [N.C. was taken] behind the garage. The

male victims were left lying prostrate in the backyard, and they fled the scene when the assailants took the female victims. [T.B.] was vaginally penetrated but refused to perform oral sex on the assailant. That assailant then met up with Curry, who had just finished raping [N.C.] behind the garage. The second assailant then forced [N.C.] to perform oral sex on him.

Curry and his accomplice fled the scene. Police were immediately called, and both women were taken to the hospital where evidence was preserved. In 2013, a test was conducted in the attempt to match the DNA, but only one of the samples collected was tested — the vaginal swab from [N.C.] who was sexually assaulted by both Curry and his accomplice behind the garage. Curry could not be excluded as the assailant.[1] The oral swab from that same victim was not retested. Curry testified at trial and claimed that he had consensual intercourse with [N.C.] at his birthday party days before the attack. [N.C.] testified to never having met Curry.

*State v. Curry*, 8th Dist. Cuyahoga No. 105638, 2018-Ohio-683, ¶ 2-4. At the conclusion of trial, Curry was found guilty of all counts and was sentenced to an aggregate nine-year term of imprisonment.

{¶ 5} Curry filed a timely direct appeal. In February 2018, this court affirmed Curry's convictions and sentence, finding (1) Curry's prosecution was timely commenced under R.C. 2901.13(F); (2) Curry was not prejudiced by the delay between the commission of the offense and the indictment; (3) the convictions were not against the manifest weight of the evidence; (4) sufficient evidence supported the convictions because Curry's identity was sufficiently established through the

---

[1] In fact, Samuel Troyer, a forensic scientist for the Ohio Bureau of Criminal Investigations, testified that "the DNA profile in the sperm fraction of [N.C.'s vaginal swabs] was consistent with Ronald Curry's DNA standard. And I would expect to find that DNA profile in one in every one quintillion, 122 quadrillion random individuals from the population."

DNA evidence; and (5) Curry invited any error in the failure to merge the kidnapping count with the attempted rape count. *See id.*

{¶ 6} In May 2018, Curry filed a pro se petition for postconviction relief pursuant to R.C. 2953.21. In the petition, Curry raised the following ground for relief:

> 1. Was trial counsel ineffective for failing to investigate and bring forth the testimony of Natasha Jackson?

{¶ 7} In September 2018, the trial court issued a judgment entry denying Curry's petition for postconviction relief without a hearing. Curry appealed the trial court's judgment. However, this court dismissed the appeal for lack of jurisdiction due to the trial court's failure to issue findings of fact and conclusions of law pursuant to R.C. 2953.21.

{¶ 8} In compliance with this court's order, the trial court issued findings of fact and conclusions of law in December 2018, stating, in relevant part:

> Curry has failed to present evidence or sufficient operative facts to show that counsel's performance was deficient and that he was prejudiced thereby. In making this finding, the Court has reviewed the portions of the record identified by the parties, the arguments of the parties, the evidence submitted by Curry, and concludes that Curry has failed to establish a claim upon which to grant relief.

{¶ 9} Curry now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 10} In his sole assignment of error, Curry argues the trial court erred by denying his petition for postconviction relief.

## A. Standard of Review

{¶ 11} Postconviction relief is governed by R.C. 2953.21, which provides in relevant part as follows:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(D) Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *

* * *

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *

{¶ 12} The postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999); *State v. Carter*, 10th

Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute. *Calhoun* at 281-282. A postconviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 13} A petitioner is not automatically entitled to an evidentiary hearing on a petition for postconviction relief, however. *State v. Jackson*, 64 Ohio St.2d 107, 110-113, 413 N.E.2d 819 (1980). Instead, to warrant an evidentiary hearing on a petition for postconviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(D); *Hessler* at ¶ 33.

{¶ 14} Thus, a trial court has a statutorily imposed duty to ensure a defendant presents evidence sufficient to warrant a hearing. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982). The evidence must show "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a); *Calhoun* at 282-283. Pursuant to R.C. 2953.21(D), a defendant's petition for postconviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth

sufficient operative facts to establish substantive grounds for relief. *Calhoun* at paragraph two of the syllabus.

{¶ 15} We review the trial court's ruling on a postconviction petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition. *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.

## B. Ineffective Assistance of Counsel

{¶ 16} In his petition for postconviction relief, Curry raised one ground for relief, arguing that defense counsel was ineffective for failing to investigate and bring forth the testimony of Natasha Jackson.

{¶ 17} In support of his postconviction petition, Curry attached his own affidavit, asserting as follows:

> In 2016, while, I was in the Justice Center I, made my trial attorney aware that Natasha Jackson was a reliable witness in my case who could have substantiated my claim that I knew N.C. and had consensual sex with N.C. Also Natasha Jackson could corroborate my claim that I was with her the weekend of the alleged crime. [Defense counsel] made me aware that he was going to call Natasha Jackson but never did. When I asked did he call her he just ignored my questions. He was well aware of her phone number and address but failed to contact her. During the weekend of the alleged incident, I made him aware that I was in fact with Natasha Jackson for the whole weekend so it would have been impossible that I could have been a suspect in this case. After, I made him aware of this he still ignored me and continued to proceed to take me to trial without the testimony of Natasha Jackson.

This information was also given to the court appointed investigator that was hired by this court on 5/23/16. When I asked about [the investigator's] findings he ignored me and said that he would get in touch with him, but never contacted me.

{¶ 18} In addition, Curry attached a written statement completed by Natasha Jackson. In the written statement, Jackson alleged, in relevant part:

The weekend of June 28th, 1995, I, Natasha Jackson, walked in on my baby daddy, Ronald Curry and [redacted] having sex and getting high. She apologized to me, said she did not know about me, that it only happened one time. They did not use protection. I snatched him off her couch, took him home. The party kept going, she was fine and was still getting high with babies in another room. He was not the only one she had sex with that weekend. * * * A couple days later she cried rape but don't know who, she never said it was Ronald. She just said she didn't know their names. Lawyer was supposed to call me but never did.

{¶ 19} On appeal, Curry reiterates his position that counsel rendered ineffective assistance of counsel by failing to introduce Jackson's testimony at trial. He argues that Jackson's testimony would have (1) established an alibi, (2) impeached N.C.'s testimony that she never met Curry, (3) corroborated his trial testimony that he engaged in consensual sexual intercourse with N.C. days before the July 2, 1995 incident, and (4) provided the jury with a reasonable explanation regarding the physical DNA evidence.

{¶ 20} To establish ineffective assistance of counsel, a defendant must show that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of *Strickland*'s test requires the defendant to show "that counsel's representation fell below an objective

standard of reasonableness." *Id.* at 688. *Strickland*'s second prong requires the defendant to show "a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Winters*, 8th Dist. Cuyahoga No. 102871, 2016-Ohio-928, ¶ 25, citing *Strickland*.

{¶ 21} Thus, in postconviction cases alleging ineffective assistance of counsel, "'the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" *Calhoun*, 86 Ohio St.3d 279, at 283, 714 N.E.2d 905, quoting *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.

{¶ 22} In Ohio, every properly licensed attorney is presumed to be competent. As such, decisions on strategy and trial tactics are generally granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze the trial counsel's legal tactics and maneuvers. *State v. Gau*, 11th Dist. Ashtabula No. 2005-A-0082, 2006-Ohio-6531, ¶ 35, citing *Strickland*. Courts must generally refrain from second-guessing trial counsel's strategy, even where that strategy is "questionable," and appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 744 N.E.2d 163 (2001).

{¶ 23} Relevant to this appeal, it is generally presumed that the failure to call witnesses to testify is ordinarily a matter of trial strategy and does not necessarily constitute ineffective assistance of counsel. *State v. Duncan*, 8th Dist. Cuyahoga No.

99665, 2013-Ohio-5746, ¶ 10, citing *State v. Coulter*, 75 Ohio App.3d 219, 230, 598 N.E.2d 1324 (12th Dist.1992). The defendant must show that the witness's testimony would have "'significantly assisted the defense and affected the outcome of the case.'" *State v. Griffith*, 8th Dist. Cuyahoga No. 97366, 2012-Ohio-2628, ¶ 29, quoting *State v. Dennis*, 10th Dist. Franklin No. 04AP-595, 2005-Ohio-1530, ¶ 22.

{¶ 24} As stated, Curry's ineffective assistance of counsel claim relies exclusively on the statements provided by Curry and Jackson. Before considering the substance of Jackson's statement, we must first address Curry's continuous characterization of her statement as "a sworn affidavit." As noted by the Ohio Supreme Court, an affidavit is "by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury." *Calhoun*, 86 Ohio St.3d 279, at 284, 714 N.E.2d 905. Ordinarily, when affidavits are submitted with a petition for postconviction relief, the trial court "may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Id.* at paragraph one of the syllabus.

{¶ 25} In this case, Jackson's written statement contains the signature of a purported notary. Significantly, however, the statement does not contain an acknowledgment from the notary that Jackson signed the statement in the notary's presence at the time of notarization. Thus, the statement fails to comply with the requirements of R.C. 147.53, and therefore, is not entitled to the presumption of truth ordinarily afforded to sworn affidavits. *See State v. Shepherd*, 8th Dist. Cuyahoga No. 100660, 2014-Ohio-1736, ¶ 14 (discussing the deficiencies of a

supporting affidavit); *State v. Clay*, 2018-Ohio-985, 108 N.E.3d 642, ¶ 32 (7th Dist.); *Calhoun* at 284 (noting that affidavits "should not lightly be deemed false.").

{¶ 26} Notwithstanding its deficiencies, we further find Jackson's statement does not set forth credible operative facts to establish a successful claim for ineffective assistance of counsel. In *Calhoun*, the Supreme Court of Ohio identified factors for courts to consider in assessing the credibility of supporting affidavits in postconviction relief proceedings, stating:

> [A] trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

(Citations omitted.) *Id.* at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754, 651 N.E.2d 1319 (1st Dist.1994). "Depending on the record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Calhoun* at 285.

{¶ 27} Viewing the testimony presented at the trial in its entirety, we find the statements attached to Curry's postconviction petition fail to credibly impeach N.C.'s testimony or the strength of the DNA evidence. Regarding the relevant *Calhoun* factors, we note that the trial judge who reviewed Curry's petition was the

same judge who presided at Curry's trial. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess the credibility of the affidavits. In addition, while Jackson's statement does not rely on hearsay, we find Jackson's relationship with Curry supports the conclusion that her written statement asserted information outside the record that lacks credibility. Jackson is the mother of Curry's child and, in a myriad of ways, undoubtedly has an interest in the success of Curry's postconviction efforts.

{¶ 28} Moreover, we find the substance of Jackson's affidavit is, at the very least, inconsistent with the evidence presented at trial. While Jackson's written statement does not directly contradict testimony proffered by the defense, it is certainly incompatible with certain aspects of Curry's trial testimony. Relevant to this appeal, Curry adamantly denied being one of the masked perpetrators and testified that he had previously engaged in consensual intercourse with N.C. during a "one-night stand." Curry estimated that he had sex with N.C. during a party that occurred "around the time" of his birthday on June 28, 1995. During his cross-examination, Curry continued to deny allegations levied against him by the state and testified that he provided the court-appointed investigator with the names of individuals he believed could assist in his defense. At no point during this discussion did Curry refer to Jackson as a person he believed should have been investigated as a potentially exculpatory witness. Similarly, despite having been questioned extensively about his alleged interaction with N.C., Curry provided no testimony indicating that Jackson had walked in on them during their consensual encounter.

Had Curry advised defense counsel that Jackson could have provided such testimony, as he now claims, it is reasonable to believe Curry would have addressed this incident when provided the opportunity during his direct examination. In fact, we find it to be inconceivable that Curry would not have addressed the substance of Jackson's written statement at that time given N.C.'s trial testimony that she was not familiar with Curry.

{¶ 29} Finally, we note that Jackson's statement only describes an incident that allegedly occurred several days before the July 2, 1995 rape. While the statement alleges that Jackson "took [Curry] home" after discovering him with N.C., it does not account for Curry's whereabouts on the day N.C. was raped by masked men. Therefore, contrary to Curry's characterization of the statement, Jackson is not a true alibi witness and would not have affected the outcome of the trial on this basis.

{¶ 30} Viewing the foregoing circumstances collectively, we are unable to conclude that the trial court abused its discretion in discounting the credibility of Curry's self-serving affidavit and the written statement submitted by Jackson. As Curry's postconviction petition failed to set forth sufficient operative facts to establish substantive grounds for relief, we find the trial court did not abuse its discretion by denying the petition for postconviction relief without a hearing.

{¶ 31} Curry's sole assignment of error is overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR