[Cite as *State v. Martin*, 2024-Ohio-5486.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,          :

    v.                                      :          No. 114010

TRAMAINE E. MARTIN,              :

    Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-612220-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Tramaine E. Martin, *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Tramaine E. Martin ("Martin"), appeals, pro se, from the trial court's judgment denying his motion to correct an illegal sentence. Martin raises the following assignment of error for review:

The trial court abused its discretion in summarily denying Martin's common-law motion to correct an illegal sentence.

{¶ 2} After careful review of the record and relevant caselaw, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} In December 2016, Martin was charged in a five-count indictment arising from allegations by his former girlfriend's ten-year-old niece, K.B., that Martin sexually assaulted her during a sleepover at Martin's home. The indictment charged Martin with one count of rape, one count of attempted rape, two counts of gross sexual imposition ("GSI"), and one count of kidnapping with a sexual-motivation specification.

{¶ 4} At the conclusion of trial, the trial court found Martin guilty of one count each of attempted rape, GSI, and kidnapping. With regard to the kidnapping count, the trial court found Martin guilty of a sexual-motivation specification and that Martin had released K.B. unharmed. Martin was sentenced to an indefinite prison term of "a mandatory 10 years to life on Count 5." In addition, he was deemed to be a Tier III sex offender.

{¶ 5} Martin's sentence and convictions were affirmed by this court in *State v. Martin*, 2018-Ohio-1843 (8th Dist.) ("*Martin I*"). Relevant to this appeal, this court found that, contrary to Martin's position, "under R.C. 2905.01(C)(3)(b), the trial court was required to impose an indefinite prison term of ten years to life." *Id.* at ¶ 74.

{¶ 6} While his direct appeal was pending, Martin filed a petition for postconviction relief, arguing the indictment and trial evidence were insufficient to permit a mandatory ten-years-to-life sentence. Martin also reiterated his belief that the sentence imposed was illegal and constituted cruel and unusual punishment. The trial court denied the petition and issued findings of fact and conclusions of law, stating, in relevant part:

> Martin first challenges his prison sentence of 10 years to life. He argues that the State of Ohio failed to charge him with a sexually violent predator specification. However, the State did charge him with a sexual motivation specification and this Court found him guilty. R.C. 2971.03(B)(3)(a) provides that a trial court shall sentence an offender to ten years in prison where the offender is convicted of a sexual motivation specification. Since both these facts apply in this case, the sentence imposed was correct.
>
> Martin next argues that his kidnapping conviction should have been reduced because he released the victim in a safe place unharmed. This provision does not apply when the victim "is less than thirteen years of age" and the "offender is also convicted or pleads guilty to a sexual motivation specification." See R.C. 2905.01(C)(3). Therefore, Martin was not entitled to a felony reduction.

{¶ 7} In January 2019, Martin filed a second petition for postconviction relief on different grounds, arguing the investigators improperly used real-time location information from his cell phone to find and arrest him. The trial court denied that motion, and this court affirmed that denial on appeal. *State v. Martin*, 2019-Ohio-4463, ¶ 19 (8th Dist.) ("*Martin II*").

{¶ 8} In June 2022, Martin filed an application in the trial court for postconviction DNA testing, requesting that the victim's underwear be retested for

DNA. The trial court denied the motion, and this court affirmed the court's judgment. *State v. Martin*, 2023-Ohio-3153, ¶ 19 (8th Dist.) ("*Martin III*").

{¶ 9} On May 6, 2024, Martin filed a pro se motion to correct an illegal sentence. Again, Martin argued the trial court erroneously sentenced him "to a mandatory 10 to life term of imprisonment, with ten full years to parole eligibility, at the behest of the state." He asserted that the trial court did not have any discretion as to parole eligibility and, therefore, imposed a sentence that is contrary to law. Additionally, Martin argued the trial court failed to impose a period of postrelease control.

{¶ 10} The State opposed the motion, arguing that Martin's motion must be construed as an untimely petition for postconviction relief because the motion (1) was filed subsequent to the direct appeal, (2) claimed a denial of his constitutional rights, (3) sought to render his sentence void, and (4) asked the trial court to vacate or correct his sentence. The State further claimed the motion was barred by res judicata because a challenge to a voidable sentence cannot be challenged through a postconviction motion. Finally, the State argued that Martin "failed to establish that the sentence imposed in this case was . . . unlawful."

{¶ 11} On May 14, 2024, the trial court summarily denied Martin's motion, and this appeal followed.

## II. Law and Analysis

{¶ 12} In the sole assignment of error, Martin argues the trial court abused its discretion by summarily denying his common-law motion to correct an illegal

sentence. Martin contends that the trial court had no statutory authority to impose "a mandatory ten to life term of imprisonment for kidnapping."

{¶ 13} This court has held that a "vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1)." *State v. Harris*, 2021-Ohio-1820, ¶ 3 (8th Dist.). "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence [or conviction] on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). A motion meets the definition for postconviction relief if it "(1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id*.

{¶ 14} Applying the foregoing criteria to this case, we construe Martin's "common-law motion to correct an illegal sentence" as a postconviction petition filed pursuant to R.C. 2953.21.

{¶ 15} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. Postconviction relief is a civil collateral attack on a criminal judgment. *State v. Curry*, 2019-Ohio-5338, ¶ 12 (8th Dist.). "Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute."

*Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281-282 (1999). The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A)(1)(a)(i).

{¶ 16} Ordinarily, we review a trial court's ruling on a postconviction-relief petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 49. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. However, whether the trial court possessed subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 17} R.C. 2953.21(A)(2)(a) provides that a petition for postconviction relief must be filed no later than 365 days after the transcript being filed in his or her direct appeal, or if no appeal is filed, no later than 365 days "after the expiration of the time for filing the appeal." Here, Martin did not file his motion until well beyond the deadline set forth under R.C. 2953.21. He also filed several previous petitions. Thus, Martin's successive petition was untimely.

{¶ 18} Pursuant to R.C. 2953.23, "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies[.]" R.C. 2953.23(A)(1) governs being unavoidably

prevented from discovering new evidence, and R.C. 2953.23(A)(2) governs actual innocence as a result of DNA testing. Neither situation applies to this appeal. Accordingly, we conclude that the trial court was without jurisdiction to hear Martin's successive petition because he did not file it in a timely manner.

{¶ 19} Additionally, as noted by the State on appeal, this court has held that "a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal." *State v. Jordan*, 2021-Ohio-701, ¶ 9 (8th Dist.). It is well-established Ohio law that "res judicata [is] a proper basis upon which to dismiss without hearing an R.C. 2953.21 petition." *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). Under the doctrine of res judicata,

> a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶ 20} In this case, Martin has previously raised analogous arguments concerning the legality of his sentence under the applicable provisions governing his kidnapping conviction. This court affirmed Martin's sentence in his direct appeal, specifically stating that the sentence was proper under R.C. 2905.01(C).[1] *Martin I,*

---

[1] R.C. 2905.01(C) provides, in pertinent part:

(3) If the victim of the [kidnapping] offense is less than thirteen years of age and if the offender also is convicted of . . . a sexual motivation specification that was included in the indictment, . . . kidnapping is a felony of the first degree, and, notwithstanding the definite sentence provided for a felony of

2018-Ohio-1843, at ¶ 74. The trial court reached a similar conclusion in denying Martin's first petition for postconviction relief. Finally, to the extent Martin raises new arguments concerning the imposition of postrelease control, we find these arguments could have been raised in his direct appeal. We, therefore, conclude that Martin's motion to correct illegal sentence was also barred under the doctrine of res judicata.

{¶ 21} Martin's suggestion that his sentence is void does not change our application of res judicata. A sentence is only void "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, 2020-Ohio-2913, ¶ 42. In this case, the trial court had both jurisdiction over the subject-matter of the case and personal jurisdiction over the accused. Accordingly, Martin's argument is properly characterized as one asserting that his sentence is voidable, not void. *See State v. Henderson*, 2020-Ohio-4784, ¶ 43 ("Neither the state nor the defendant can challenge [a] voidable sentence through a postconviction motion.").[2]

---

the first degree in [R.C. 2929.14], the offender shall be sentenced pursuant to [R.C. 2971.03] as follows:

. . .

(b) If the offender releases the victim in a safe place unharmed, the offender shall be sentenced pursuant to that section to an indefinite term consisting of a minimum term of ten years and a maximum term of life imprisonment.

[2] Martin relies on *State v. Fischer*, 2010-Ohio-6238, for the proposition that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *Id*. at ¶ 40. However,

**{¶ 22}** Based on the foregoing, we find the trial court did not err in denying Martin's common-law motion to correct an illegal sentence. The sole assignment of error is overruled.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR

---

this portion of *Fischer* was limited by the holdings reached by the Court in *Harper* and *Henderson. See Harper,* 2020-Ohio-2913, at ¶ 2-4; *Henderson,* 2020-Ohio-4784, at ¶ 31.