[Cite as *State v. Banks*, 2019-Ohio-1770.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,           :

                                   No. 107346

    v.                            :

JAMES BANKS,                      :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-619509-A

---

*Appearances:*

Patituce & Associates, L.L.C., Joseph C. Patituce, Catherine Meehan, and Megan Patituce, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, Ashley Kilbane, and Jennifer Meyer, Assistant Prosecuting Attorney, *for appellee.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} James Banks ("Banks") appeals the trial court's denial of his motion to withdraw plea and his 14-year prison sentence, and assigns the following errors for our review:

I. The trial court erred in denying Defendant's Motion to Withdraw his Plea.

II. The trial court erred in failing to merge Defendant's Felonious Assault and Aggravated Robbery convictions for the purposes of sentencing.

III. Trial counsel's failure to argue that Defendant's convictions for Felonious Assault and Aggravated Robbery merged for the purposes of sentencing constituted ineffective assistance of counsel for which Defendant suffered irreparable prejudice.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶ 3} On the evening of February 17, 2017, two men with guns approached a car parked in a driveway in Maple Heights. Two people were in the vehicle smoking cigarettes. One of the men pistol whipped the female victim, then walked to the other side of the car and shot the male victim in the leg. The two men then stole the car. Two days later, Banks was seen driving the stolen car, and a police chase ensued. Banks ultimately crashed the stolen car, and the police arrested him. The victims subsequently identified Banks in a lineup as the man who assaulted, shot, and robbed them.

{¶ 4} On February 13, 2018, Banks pled guilty to felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, with a three-year firearm specification; aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with a three-year firearm specification; grand theft in violation of R.C. 2913.01(A)(1), a fourth-degree felony; and having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony.

**{¶ 5}** On March 7, 2018, Banks filed a motion to withdraw guilty plea. The court held a hearing and denied Banks's motion on March 13, 2018. On June 5, 2018, the court sentenced Banks to five years in prison for the felonious assault, three years in prison for the aggravated robbery, and three years in prison for each of the two gun specifications, all to run consecutively. In total, the court sentenced Banks to 14 years in prison.

## Motion to Withdraw Guilty Plea

**{¶ 6}** Generally, motions to withdraw guilty pleas filed before sentencing are to be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). *See also* Crim.R. 32.1.

> "However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. The decision to grant or deny such a motion is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion."

(Citations omitted.) *State v. Armstrong*, 8th Dist. Cuyahoga No. 103088, 2016-Ohio-2627, ¶ 16.

**{¶ 7}** A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea under the following circumstances: (1) the defendant is "represented by highly competent counsel"; (2) the defendant is afforded a full Crim.R. 11 hearing before entering his or her plea; (3) the defendant "is given a complete and impartial hearing" on his or her motion to withdraw plea; and (4) "the record reveals that the court gave full and fair consideration to the plea withdrawal

request." *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 8} This court has set forth additional factors to consider when reviewing motions to withdraw guilty pleas, including whether: "(1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant had evidence of a plausible defense." *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 19.

{¶ 9} In the case at hand, it is undisputed that Banks filed his motion to withdraw guilty plea before he was sentenced. In the motion, Banks argued that he has "mental issues," including "PTSD[,] depression and mood swings," was referred to the psychiatric clinic for an evaluation, and "entered the plea not fully understanding the proceedings." Banks also argued that he "believes he is innocent of the charges and that the method of identification [of him] was improper and in violation of his constitutional rights." Specifically, Banks alleged that "the police officer conducted an improper photographic line-up by bringing pictures to the home of the alleged victim or victims. Defendant, who lived closed [sic] to where the incident occurred, had been known and seen in the area but was not responsible for the crimes charged in this case * * *."

{¶ 10} At the plea hearing, Banks's September 15, 2017 competency evaluation was stipulated to by the parties and introduced into evidence. This report found that Banks "is capable of understanding the nature and objective of the

proceedings against him and of adequately assisting in his defense." The parties also stipulated to the admission of a letter from the court psychiatric clinic stating that there was no evidence that Banks had "a severe mental illness or defect" and that Banks "denied committing the alleged offenses."

{¶ 11} The court asked Banks's counsel if he shared the state's plea offer with Banks. Counsel replied, "Yes, I have, your Honor. He's indicated to me he wants to go forward with trial." The court asked Banks if this was true. Banks replied, "Yes."

{¶ 12} After a recess, the court went back on the record, indicating that a plea deal had been reached in this case. The state explained the plea to the court in Banks's presence. Banks's counsel indicated that he discussed the terms of the plea, the evidence against him, and the potential penalties with Banks, and Banks was prepared to plead guilty. The court asked Banks if he had any questions, to which Banks replied, "I can't get a bench trial?" Asked what he wanted to do, Banks stated, "I don't know. They just told me this stuff like 20 minutes ago." Banks then stated that he understood the plea and he will "take" it. The court then stated the following:

> All right. We're going to take this slowly, okay, to make sure you understand, all right?
>
> Now, one other thing that I need you to make sure that you're aware of, Mr. Banks, you have to answer out loud. And you have to answer loudly enough so that both our court reporter and I can hear you, okay, because the court reporter is taking a complete record of what we're saying, all right?

{¶ 13} Banks stated that he understood. The court then held a plea hearing pursuant to Crim.R. 11, in which Banks stated that he understood the nature of the

offenses to which he was pleading guilty, the constitutional rights he was giving up by pleading guilty, and the maximum penalty that he was facing. Pursuant to Crim.R. 11(C)(2)(a), a court may not accept a guilty plea without "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *."

{¶ 14} Banks indicated that he was satisfied with the representation provided by his counsel. At this February 13, 2018 hearing, Banks pled guilty to: felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, with a three-year firearm specification; aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with a three-year firearm specification; grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony; and having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony.

{¶ 15} On March 7, 2018, Banks filed a motion to withdraw his guilty plea. On March 13, 2018, the court held a hearing on Banks's motion, at which Banks was represented by newly retained counsel; however, the attorney who represented him at his plea hearing was also present in the courtroom. Newly retained counsel argued that, although the court complied with Crim.R. 11 when accepting Banks's plea, Banks should be permitted to withdraw this plea, because he maintained his innocence, as noted in the competency evaluation, and alleged that "he had very little contact" with his previous attorney.

{¶ 16} Banks's former attorney testified that he has been a criminal defense lawyer since 1990 and before that he was a prosecutor for seven-and-a-half years.

The attorney recalled that Banks "did not cooperate" when he was referred for a "psych report." This attorney indicated that he spent time with Banks reviewing the state's case against him and he represented Banks in juvenile court at the probable cause and bindover hearing in this case. One of the victims in this case testified in juvenile court, and the attorney noted that Banks was aware that this witness would testify again if Banks went to trial. Additionally, the attorney spent time with Banks's mother discussing the case. This attorney stated, "So in my opinion, it wasn't about me spending a hundred hours with him preparing him for this because we had already been through it." The attorney noted that Banks had access to all of the discovery that was exchanged between the parties, as well as the transcript from the proceedings in juvenile court.

{¶ 17} At the hearing on Banks's motion to withdraw his plea, the court ruled as follows: "I don't see that there's any basis to actually vacate that plea given the information adduced at this hearing, the transcript, and the case law that governs these motions to vacate the plea prior to sentencing. With that said, the motion to vacate the plea is denied."

{¶ 18} Upon review, we find the following regarding the factors courts should consider when ruling on a motion to withdraw a guilty plea as stated in *Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 and *Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269: Banks stipulated that the court complied with Crim.R. 11 at his plea hearing. Evidence in the record shows that Banks was represented by competent counsel. The court held a hearing on Banks's motion to withdraw his

guilty plea. The court gave full and fair consideration to the motion prior to denying it. Banks filed the motion within a reasonable time — approximately three weeks — after pleading guilty. In the motion, Banks argued that he did not understand the plea proceedings because of "his mental condition"; he "had very little contact with his attorney"; and the police "conducted an improper photographic line-up."[1] The record shows that Banks understood the nature of the charges and possible penalties, particularly because the court took things "slowly" to make sure that he comprehended what was occurring. Other than a fleeting and unsupported reference to an allegedly improper photographic lineup, there is no evidence in the record of Banks having a plausible defense.

{¶ 19} We cannot say that the court abused its discretion in denying Banks's motion to withdraw his guilty plea, and his first assigned error is overruled.

**Allied Offenses**

{¶ 20} We review a trial court=s R.C. 2941.25 allied offenses determination under a de novo standard. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, & 28. Pursuant to R.C. 2941.25(A), A[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, * * * the defendant may be convicted of only one.@

---

[1] Banks's allegation of an improper lineup was not argued during the motion hearing in the trial court, nor is it raised on appeal. Therefore, we disregard this argument.

{¶ 21} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 896, & 30-31, the Ohio Supreme Court detailed the allied offenses analysis:

> Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant=s conduct to determine whether one or more convictions may result because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.
>
> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant=s conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? And (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

{¶ 22} In the case at hand, the plea was specifically structured so that the felonious assault and the aggravated robbery charges each included both victims with the understanding that they would not merge for the purposes of sentencing. At the plea hearing, Banks's attorney agreed that the aggravated robbery and felonious assault charges would not merge.

{¶ 23} At the sentencing hearing, one of the victims testified that Banks "pistol whipped my girlfriend in the face, shot me through my scrotum and both of my legs and robbed me." The prosecutor stated to the court that the felonious assault and aggravated robbery would not merge for sentencing to account for the "separate victims." Defense counsel did not object to this statement. The Ohio Supreme Court has held that "two or more offenses of dissimilar import exist within

the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims * * *." *Ruff* at ¶ 23.

{¶ 24} Accordingly, the felonious assault and the aggravated robbery are not allied offenses subject to merger under the facts of the case at hand. We find no error with the court's sentencing Banks separately on these counts, and his second assigned error is overruled.

**Ineffective Assistance of Counsel**

{¶ 25} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney=s performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, Aa court need not determine whether counsel=s performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel=s performance.@ *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

{¶ 26} In the instant case, Banks argues that his "counsels' failure to argue, at any point, that the convictions for Felonious Assault and Aggravated Robbery merge for the purposes of sentencing rendered the performance ineffective." This argument fails because, as explained in our analysis of Banks's second assigned error, his convictions for these two offenses do not merge based on the fact that there were two victims of his crimes. Counsel was not ineffective in this regard, Banks

suffered no prejudice as a result of his counsel's failure to raise this argument, and Banks's third and final assigned error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN
JUDGMENT ONLY