[Cite as *State v. Woods*, 2024-Ohio-1589.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff- Appellee,          :

                       No. 113100

         v.                               :

WILLIAM WOODS,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657360-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick White, Assistant Prosecuting Attorney, *for appellee.*

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Andrew S. Pollis, Supervising Attorney, and Hunter Cyran and Michael O'Donnell, Certified Legal Interns, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant, William Woods, appeals his conviction that was entered after he pleaded guilty to unauthorized use of a vehicle. On appeal, he raises one assignment of error for our review, arguing that "[t]he trial court erred when it accepted [his] guilty plea and convicted him on that basis." He contends that the trial court erred by accepting his guilty plea one day after he moved pro se for a continuance without inquiring about the motion to continue to ensure his plea was voluntary. However, the trial court addressed Woods personally, engaged in the required colloquy with him, fully complied with Crim.R. 11(C), and found that Woods voluntarily, knowingly, and intelligently entered his guilty plea. Finding no merit to his argument, we affirm.

## I. Procedural History

{¶ 2} Woods was indicted in March 2021 on two counts, including one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony, and one count of fraudulent actions concerning a vehicle-identification number in violation of R.C. 4549.62(A), a fifth-degree felony. He entered a plea of not guilty at his arraignment.

{¶ 3} The day before trial was scheduled to begin in July 2023, Woods filed a pro se motion to continue the case, stating that he had not received discovery from the state or his attorney. He also "reminded" the court that the prosecutor's website had been down and, therefore, he had "not been able to have any meaningful conversation with his counsel."

{¶ 4} The following day, the parties appeared in court without mentioning Woods's pro se motion. The state informed the court that it had reached a plea deal with Woods and that Woods would be entering a guilty plea to an amended indictment. Specifically, the state agreed to amend the receiving stolen property count, a fourth-degree felony, to unauthorized use of a vehicle in violation of R.C. 2913.03(B), a fifth-degree felony, and request the court to dismiss the other count in exchange for Woods's guilty plea. And according to the state, no threats, promises, or inducements had been made to Woods to get him to agree to the plea negotiations.

{¶ 5} Defense counsel told the court that the state's rendition of the plea agreement was correct.

{¶ 6} The trial court addressed Woods personally. In response to the trial court's questions, Woods told the court that he completed high school; could read and write; was not under the influence of any drugs, alcohol, or medication that would impair his ability to understand the proceedings that day; was a citizen of the United States; and no promises or threats had been made to induce him to enter a change of plea. Woods further told the court that he understood his case and that defense counsel had negotiated on his behalf with the state. Woods also agreed that he was satisfied with defense counsel's representation.

{¶ 7} The trial court then informed Woods of the constitutional rights that he was waiving by pleading guilty and made sure that he understood those rights and that he was waiving them. The court also made sure that Woods understood

that the court could proceed directly to judgment and sentencing after he entered his plea.

{¶ 8} The trial court then informed Woods of the maximum sentence he could receive by pleading guilty to unauthorized use of a vehicle, which was six to 12 months in prison and a fine of up to $2,500. Additionally, the court informed Woods about the possibility of receiving community-control sanctions instead of prison and about receiving postrelease control if the court sentenced him to prison. Finally, the court told Woods of the consequences that he would face if he violated the terms of community-control sanctions or postrelease control if he received either of them.

{¶ 9} The trial court asked the state and defense counsel if they were satisfied that it complied with the requirements of postrelease control, and they responded that they were. The court noted that it was satisfied that Woods "has been informed of his constitutional rights, that he understands his rights, that he understands the nature of the charges, the effect of the plea and the maximum penalties which may be imposed." Woods then entered a plea of guilty to unauthorized use of a vehicle. The court found that Woods "knowingly, voluntarily, intelligently and with a full understanding of his rights entered his change of plea." The court accepted Woods's guilty plea and found him guilty of the offense. The court then dismissed the other count.

{¶ 10} Following the plea hearing, the court sentenced Woods to two years of community-control sanctions. It is from this judgment that Woods now appeals.

## II. Law and Analysis

{¶ 11} In his sole assignment of error, Woods contends that "[t]he trial court erred when it accepted [his] guilty plea." We note, however, that Woods is not arguing that the trial court violated Crim.R. 11(C). Indeed, he states that he is not asking this court "to hold that his plea was ***not*** voluntary." (Emphasis sic.) Instead, Woods argues that the trial court erred when it accepted his guilty plea "without first inquiring into the specific complaints he had made that demonstrated his desire to go to trial" in his motion the day before the plea hearing. He maintains that "[m]erely asking about the motion," which he asserts was a low burden for the trial court, "would have eliminated doubt as to whether the plea was voluntary." He further claims that the trial court's error was its "arbitrary" decision to accept his plea without considering the relevant facts or circumstances.

{¶ 12} Woods filed his motion for continuance pro se. It is well settled that a criminal defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, or "hybrid representation." *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus.

{¶ 13} Therefore, when a criminal defendant is represented by counsel and there is no indication that defense counsel joins in the defendant's pro se motion or otherwise indicates a need for the relief sought by the defendant pro se, the trial court cannot properly consider the defendant's pro se motion. *State v. Wyley*, 8th Dist. Cuyahoga No. 102899, 2016-Ohio-1118, ¶ 9.

{¶ 14} Because Woods was represented by counsel and there was no indication on the record that defense counsel planned to join in Woods's motion or agreed with it, the trial court did not err when it did not address Woods's pro se motion at the plea hearing.

{¶ 15} Woods points to two other times when he filed pro se motions for a continuance, and the court granted them. The first was in October 2021, after which the trial court appointed new counsel for Woods. The trial court granted Woods's motion in this instance because Woods's counsel at that time informed the court that his attorney-client relationship with Woods had deteriorated to the point where counsel could no longer effectively represent Woods. The second was in September 2022, when Woods indicated that his counsel was unavailable for the scheduled trial in Woods's case because counsel was in trial for another case. The trial court granted Woods's pro se motions in this instance because defense counsel was unavailable for trial. Thus, when the trial court previously addressed and granted Woods's pro se motions, it was because defense counsel either joined in the motions or agreed with them.

{¶ 16} Woods argues that when he appeared in court with defense counsel on the date of the plea hearing to change his plea and neither he nor his counsel mentioned the pro se motion filed the previous day, the trial court should have inquired about "the specific complaints he had made" in his motion that indicated "his guilty plea was not voluntary." He claims that "[b]y not resolving the dissonance in the record between the motion and the guilty plea, the trial court failed to satisfy its duty to ensure that the guilty plea was voluntary." He further contends that "[b]y merely asking Mr. Woods about his motion for a continuance that he had made less than 24 hours earlier, the trial court could have drawn out the facts that caused the abrupt change, thus permitting review of that all-important question — whether the guilty plea was truly voluntary." We disagree.

{¶ 17} Woods does not cite to one case that holds that a trial court must inquire into circumstances that have occurred outside of the plea hearing. He does, however, cite to many cases in support of his claim that "[b]efore accepting a guilty plea, the trial court must inquire into unresolved statements or conduct by the defendant that contradict a finding that the plea is voluntary." But in the cases Woods relies on for this proposition, the unresolved statements and conduct occurred on the record at the plea hearing. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 97674, 2012-Ohio-2512, ¶ 6 (defendant "stated his innocence at the plea hearing"); *State v. Casale*, 34 Ohio App.3d 339, 518 N.E.2d 579 (8th Dist.1986) (defendant entered a plea asserting her innocence pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 162 (1970), without the required factual

basis in the record); *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064 (trial courts must ensure that defendants are not under the influence of any substance at the plea hearing that will affect their ability to make a voluntary plea).

{¶ 18} Woods also cites to *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), in support of his argument that when defendants question their "attorney's effectiveness or adequacy with sufficient specificity, it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record." Woods argues:

> In *Deal*, the Supreme Court held that, by neglecting to inquire into specific complaints that the defendant made at trial about his attorney, the trial court failed to safeguard the defendant's right to counsel. *Deal* at 20. Specifically, the defendant complained that his counsel had failed to subpoena witnesses or file a notice of alibi, and the trial judge ignored these complaints. *Id.* at 17–18. The Supreme Court determined that the trial judge should have investigated the defendant's complaints about counsel on the record to "prevent the [defendant] from being denied review on the matter." *Id.* at 19. Accordingly, the Supreme Court remanded the case "for a reinvestigation, to be put on the record, of the appellant's claim [of] incompetent counsel." *Id.* at 20. Requiring the trial court to inquire on the record into the defendant's specific complaints about counsel protects the defendant's right to counsel and ensures a full record for appellate review.

{¶ 19} *Deal*, however, is not applicable to this case. Woods appeared at the change-of-plea hearing with defense counsel and informed the court that he wished to enter a guilty plea. If Woods was dissatisfied with his counsel the day before the hearing, the record indicates that he was not dissatisfied on the day of the hearing. For *Deal* to apply, Woods would have had to say something at the plea hearing to put the trial court on notice that he was not entering into his plea voluntarily.

Because Woods said nothing at the plea hearing — except that he was satisfied with his attorney — the trial court was not obligated to ask him more.

{¶ 20} Woods further cites to several cases regarding *Alford* pleas, in addition to the one cited above, asserting that trial courts have "a heightened duty" when "the defendant pleads guilty while contemporaneously claiming innocence." But Woods did not enter an *Alford* plea or assert his innocence at the plea hearing.

{¶ 21} Woods further claims that he explained his innocence at the sentencing hearing. However, we disagree that Woods proclaimed his innocence at the sentencing hearing. Rather, he told a long and complicated story about how he ended up with the stolen vehicle and apologized to the victims. Even if we assume for the sake of argument that Woods was asserting his innocence at the sentencing hearing, the trial court had no obligation to address it at that point. *See State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶ 13 (when a defendant makes a claim of innocence after a guilty plea has been accepted, a trial court has no duty to inquire into it ); *State v. Gales*, 131 Ohio App.3d 56, 60, 721 N.E.2d 497 (7th Dist.1999) (a court is not required to inquire into a defendant's claim of innocence when such assertions occur at sentencing after a voluntary guilty plea has been accepted).

{¶ 22} Woods is asking this court to vacate his plea and remand for the trial court to determine whether his plea was voluntary considering the "specific circumstances" of his case "indicating that his guilty plea was not voluntary." According to Woods, these "specific circumstances" are his pro se motion for a

continuance filed one day before he pleaded guilty. However, we decline to vacate Woods's guilty plea when there is no basis in the law to do so.

{¶ 23} Moreover, "when a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14-15, *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977), and Crim.R. 52. In the context of a guilty plea, that means that "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* Here, Woods has not shown any error on the part of the trial court, nor has he argued, let alone established, that he would not have entered into the plea had the trial court inquired into his pro se motion. As the Supreme Court stated in *Dangler*, merely challenging a plea on appeal is not enough to establish that the "plea would not have otherwise been made." *Id.* at ¶ 24.

{¶ 24} At the plea hearing in this case, the trial court addressed Woods personally, engaged in the required colloquy with him, and fully complied with Crim.R. 11(C). As we previously stated, Woods conceded this point in his brief to this court. The trial court subsequently found that Woods voluntarily, knowingly, and intelligently entered his guilty plea and accepted Woods's plea. The purpose

of Crim.R. 11(C) is for trial courts to determine that defendants understand that they are giving up their right to go to trial and that they enter their guilty plea knowingly, voluntarily, and intelligently. The trial court did that here.

{¶ 25} Accordingly, Woods's assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR