[Cite as *State v. Singleton*, 2025-Ohio-1735.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                            No. 114336

    v. :

LEENEJA SINGLETON :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 15, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668484-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Lee'neja Singleton[1] appeals the denial of a petition for postconviction relief filed under R.C. 2953.21, in which she makes two claims: that her trial counsel rendered ineffective assistance during her trial, or in the alternative, that prosecutorial misconduct caused Singleton's sister to falsely testify at that trial. Because both of her claims could have been raised during the direct appeal, the trial court did not err in denying the petition without conducting a hearing. Accordingly, and based on the following, we affirm.

{¶ 2} The facts of this case were thoroughly related in Singleton's direct appeal from her convictions for improper discharge into a habitation and felonious assault. *State v. Singleton*, 2024-Ohio-465, ¶ 2-21 (8th Dist.). For this appeal, it suffices to know that after getting into a physical and verbal altercation with a long-time friend at a bar, Singleton and her sister Raneka confronted the friend and two others at their home to continue the hostilities. The victims believed Singleton to be armed at the time, and indeed, the victims witnessed Singleton fire a single shot at the victims. The bullet entered a second-story window of the house, behind where the victims were standing. Those events were memorialized on a doorbell surveillance camera. The jury found Singleton guilty of the wrongful discharge and three felonious assault counts, one for each named victim, along with several

---

[1] The indictment spells Singleton's first name differently from that which appears in her affidavit and briefing, meaning the case is captioned as "Leeneja Singleton." Neither party has identified any issues with the spelling of her name.

attendant firearm specifications. The firearm specifications alone led to a mandatory term of 11 years. The trial court then imposed concurrent two-year terms on the underlying counts, resulting in the minimum aggregate prison term of 13-14 years in consideration of an indefinite sentence under R.C. 2929.144. *Id.* at ¶ 21.

{¶ 3} It is important to note that Singleton declined the State's pretrial offer to amend the indictment to improper discharge and attempted felonious assault, both second-degree felonies, with only a single three-year firearm specification. The plea offer would have had the effect of reducing the minimum prison term available to a five- to six-year indefinite term.

{¶ 4} Following an unsuccessful direct appeal, Singleton filed a timely petition for postconviction relief claiming that her trial attorneys rendered ineffective assistance by (1) failing to share the video evidence before trial; (2) failing to explain the mandatory minimum sentence created by the firearm specifications; and (3) failing to call her mother as a witness to testify that she never saw Singleton with a firearm on the night in question. Singleton also claims that the prosecutor improperly forced Raneka to testify against Singleton in exchange for a guilty plea, and to prove that, Singleton provided an affidavit in which Raneka "recanted" her testimony regarding whether Singleton was armed on the night of the shooting.

{¶ 5} Singleton ignores the very large elephant in the room. All of her arguments were apparent from the record of the proceedings and, therefore, could have been raised in her direct appeal.

{¶ 6} A petition for postconviction relief is a creature of statute. It is "'a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction.'" *State v. Curry*, 2019-Ohio-5338, ¶ 12, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999), and *State v. Carter*, 2013-Ohio-4058, ¶ 15 (10th Dist.). "[C]ourts are not required to hold a hearing in every postconviction case." (Citations omitted.) *State ex rel. Madsen v. Jones*, 2005-Ohio-4381, ¶ 10. Before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, *all the files and records pertaining to the proceedings against the petitioner . . . .*" (Emphasis added.) *Id.*

{¶ 7} A trial court's ruling on a petition for postconviction relief is reviewed for abuse of discretion. *Curry* at ¶ 15, citing *State v. Gondor*, 2006-Ohio-6679, ¶ 45. "The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the

claims made in the petition." *Id.*, citing *State v. Abdussatar*, 2009-Ohio-5232, ¶ 15 (8th Dist.). This appeal focuses on the latter.

{¶ 8} A trial court reviewing a petition for postconviction relief may not grant relief based on a claim that could have been presented at trial or raised on direct appeal. *State v. Blanton*, 2022-Ohio-3985, ¶ 2, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967); *State v. Cole*, 2 Ohio St.3d 112, 114 (1982) (res judicata precludes relief under a petition for postconviction relief unless the petitioner can demonstrate that the ineffective-assistance-of-counsel claim solely depends on evidence outside of the record). There are two notable, but ultimately inapplicable, exceptions: (1) if counsel in the direct appeal represented the petitioner at trial, or (2) if the petitioner must rely on evidence outside the record to prove the ineffective-assistance-of-counsel claim. *Id.*, citing *Cole* at 113-114. According to the record, Singleton's trial counsel did not represent her in the direct appeal. *See Singleton*, 2024-Ohio-465.

{¶ 9} As to the only other arguable exception to res judicata, evidence outside the record, Singleton largely glosses over the record of the trial court proceeding. The transcript includes several on-the-record discussions pertaining to her ineffective-assistance-of-counsel claims, which focus on the alleged failure of counsel to share discovery videos with Singleton, to explain the ramifications of the potential terms on the firearm specifications, or to call an alibi witness.

{¶ 10} The only constitutional claim that can be gleaned from Singleton's postconviction arguments pertaining to her trial attorneys' mistakes is ineffective

assistance of counsel. A trial counsel can be deemed ineffective when, aware of a plea offer, they either fail to inform the client of the offer or encourage the client to reject the offer based on incorrect advice. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Thus, Singleton must demonstrate that but for the erroneous advice or failure to share anticipated evidence, she would have accepted the plea offer.

{¶ 11} In this case, however, the trial court discussed the failure of Singleton's counsel to review the video evidence with Singleton. Tr. 148:6-154:15. Singleton's trial counsel both conceded that Singleton had not been shown the videos before the trial commenced — and after she had rejected the State's plea offer. Tr. 242:5-10. Upon hearing that concession, the trial court directed the attorneys to provide Singleton with the opportunity to preview the videos the night before opening arguments. Tr. 274:9-21. Upon returning to the record the following morning, Singleton was again asked about the State's plea offer in light of the anticipated trial evidence. Her counsel indicated that the evidence was shared with Singleton, and the trial proceeded. Tr. 276:4-9. Singleton has presented no evidence outside the record necessary to resolve the arguments presented in this claim of ineffective assistance of counsel. Any issues with respect to the State's video evidence and Singleton's trial attorneys' handling of that evidence are apparent from the record. That issue could have been challenged in her direct appeal based on the trial record.

{¶ 12} Along those same lines, Singleton claims that her counsel was ineffective for failing to advise her of the mandatory minimum, which is created by

the statutory imposition of consecutive sentences for the firearm specifications. According to her, that information would have better informed her plea decision. Singleton's claim that her counsel failed to properly advise her, however, is directly refuted by the record.[2] During a pretrial conference, Singleton expressly acknowledged that her attorneys advised her of the mandatory nature of the lengthy potential sentence based on the firearm specifications. Tr. 31:11-33:8. Then, for at least the second time, before bringing the jury in for opening statements, the trial court discussed the mandatory minimum sentence with Singleton. Tr. 276:22-279:17. Singleton, once again, acknowledged that she understood the consequences should the jury find her guilty of more than one of the counts with specifications. Tr. 279:9-17. Any claims that her attorneys failed to disclose the ramifications of a guilty verdict with respect to the mandatory terms on the firearm specifications are directly contradicted by the record. Those claims, therefore, cannot form the basis of granting postconviction relief.

{¶ 13} As to the remainder of the ineffective-assistance claim, Singleton claims her trial counsel should have called her mother, identified in the petition for postconviction relief as Carol Singleton, to testify at trial. According to her affidavit attached to the petition, Singleton's mother would have testified that she never saw

---

[2] Singleton attached a self-serving affidavit to her petition for postconviction relief; however, that affidavit does not appear to have been properly notarized. *Ma v. Gomez*, 2023-Ohio-524, ¶ 3, fn. 1 (8th Dist.) (detailing the requirements for affidavits under Ohio law). The notarization occurred "via phone confirmation." The State has not challenged the affidavit, so the issue is simply noted.

Singleton with a firearm on the evening in question. This, despite the fact that her mother was not present during the shooting or the altercation at the bar. The mother's statement, however, is not new information. Before trial, Singleton filed a "notice of alibi" indicating her intent to call her mother to testify that Singleton was at her house at the time of the shooting. In that notice, the alibi was identified as "Carolyn" Singleton but was noted to be Singleton's mother. Twice, the trial court noted that Singleton's mother was a potential witness. Tr. 41:20-22; 253:17-19. Despite being identified as an alibi witness, Singleton's mother never testified.

{¶ 14} We can only hazard a guess as to why her mother was not called at trial; however, the mother's anticipated testimony is apparent from the record — she would have vouched for her daughter's innocence based on the notice of alibi filed. In this situation, trial counsel's decision to call or not call a witness at trial can be directly appealed. *See, e.g., State v. Vargas*, 2012-Ohio-2767, ¶ 14-15 (8th Dist.) (determining in the direct appeal that "[t]rial tactics and strategies do not constitute a denial of effective assistance of counsel"), citing *State v. Gooden*, 2007-Ohio-2371, ¶ 38, and *State v. Clayton*, 62 Ohio St.2d 45 (1980); *State v. Torres*, 2022-Ohio-3230, ¶ 31 (8th Dist.) ("'In order to obtain a reversal on ineffective assistance of counsel based on a failure to subpoena a witness, a defendant must demonstrate that the testimony of the witness would be of significant assistance to the defense'"; and because of the undisputed evidence that defendant was at the scene of the crime, no alibi evidence would have altered the outcome of trial), quoting *State v. Varner*, 1998 Ohio App. LEXIS 4707 (5th Dist. Sept. 14, 1998). Because Singleton could have

included in her direct appeal an assigned error with respect to the failure to call an alibi witness when video evidence demonstrated her presence at the scene with a firearm, that claim is precluded from forming the basis of postconviction relief. *Blanton*, 2022-Ohio-3985, at ¶ 2, citing *Perry*, 10 Ohio St.2d at 180.

{¶ 15} And finally, Singleton claims that Raneka's testimony against her was procured through prosecutorial misconduct because, according to Singleton, Raneka was forced to testify to an untruth. Allegations of prosecutorial misconduct implicate due-process concerns, but "[t]he touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Jones*, 2012-Ohio-5677, ¶ 200, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982). Singleton's argument, alleging ethical improprieties with the prosecutor's conduct, is specious at best.

{¶ 16} During trial, Raneka immediately backtracked from what the State anticipated to be her testimony, that she knew Singleton was armed on the night of the shooting. The State sought to declare her a hostile witness, but before the trial court entertained that request, presumably in fear of jeopardizing Raneka's plea deal with the State, Raneka was given the opportunity to consult with her attorney. Raneka's counsel was present throughout Raneka's testimony and the off-the-record discussions with the State. Tr. 440:1–443:19. It was Raneka's counsel who recommended that she be given the opportunity to review her pretrial statements before her testimony continued and included the inculpatory statements. *Id.*

{¶ 17} Despite this opportunity and her direct testimony implicating Singleton, Raneka expressly testified on cross-examination that her incriminating

statements were untrue and she felt pressured by the weight of her own case to testify otherwise. Tr. 458:10–459:8. Raneka has since served the imposed sentence for her part in the shooting. Her latest affidavit attempting to claim that her testimony was untruthful and a product of prosecutorial misconduct, which according to the trial record would have occurred in front of Raneka's counsel, presents no new information. Instead, Raneka's latest affidavit presents the same testimony that was considered by the jury at Singleton's trial. Any issues with Raneka's testimony are apparent from the record and immaterial, in light of the fact that the jury heard that testimony at trial. *Blanton*, 2022-Ohio-3985, at ¶ 2, citing *Perry*, 10 Ohio St.2d at 180.

{¶ 18} In this appeal, Singleton has not addressed the trial court's conclusion that all of the claims presented in the petition for postconviction relief are barred by the doctrine of res judicata or are otherwise immaterial to her guilt. Instead, she vaguely claims some of the issues are outside the trial record, without expressly identifying any issue not addressed by the transcript of the lower court proceedings. "'It is the duty of the appellant, not [an appellate court], to demonstrate [an] assigned error through an argument that is supported by citations to legal authority and facts in the record.'" *Russo v. Gissinger*, 2023-Ohio-200, ¶ 28 (9th Dist.), quoting *State v. Taylor*, 1999 Ohio App. LEXIS 397, *3 (9th Dist. Feb. 9, 1999); *see also State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part). In light of the limitations with the arguments as presented, we cannot conclude the trial court

abused its discretion in denying the petition for postconviction relief. *See State v. Lester*, 41 Ohio St.2d 51, 55 (1975) ("If the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by res judicata.").

{¶ 19} One final note, Singleton's argument lamenting the length of the mandatory sentence as compared to the fleeting nature of the act underlying her convictions is acknowledged. It can indeed be unfortunate that a single, momentary lapse in sensibility[3] by a first-time offender has led to such a lengthy sentence, but the legislature has established severe penalties for discharging firearms into habitations. Couple that with the fact that Singleton simultaneously threatened three individuals, with each of those offenses tied to additional enhancements, and the majority of the imposed sentence is mandated by operation of law. Perhaps in hindsight, a plea deal may have been the more reasoned course in light of the overwhelming evidence of Singleton's guilt, but at this stage, Singleton's sentence is beyond the reach of any court and has no bearing on the constitutional questions raised in a petition for postconviction relief.

{¶ 20} In light of the trial record and the arguments raised, the claims for relief advanced in Singleton's petition for postconviction relief are barred by the doctrine of res judicata. We affirm.

---

[3] Albeit, this was a huge lapse in judgment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR