[Cite as *State v. Robinson*, 2025-Ohio-5343.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :

                            No. 114859

    v.                                             :

CORTEZ ROBINSON,                                  :

    Defendant-Appellant.                      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 26, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-686981-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Jeffrey M. Maver, Assistant Prosecuting Attorney, Michael R. Wajda, Assistant Prosecuting Attorney, Supervising Attorney, and Jordyn K. Dawson, Legal Intern, *for appellee.*

Susan J. Moran, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Cortez Robinson appeals the trial court's decision denying his presentence motion to withdraw his guilty pleas.  Upon review, we affirm.

## I.     Background

{¶ 2}  In November 2023, Robinson was indicted in a 14-count indictment with two counts of aggravated murder, two counts of murder, four counts of felonious assault, one count of attempted murder, two counts of kidnapping, and three counts of aggravated robbery, all with attendant one- and three-year firearm specifications.  The offenses stemmed from an incident in which one of the victims was forced at gunpoint back into his apartment, both victims were forced to the ground, one victim was shot in the back of the head and killed, and the other victim was shot through his hand and into his eye and suffered serious injuries.  Robinson was reported to be the person responsible by family members and his girlfriend, and the surviving victim identified Robinson as the shooter with 100 percent certainty.  A few thousand dollars in cash and some phones were stolen during the incident.   Robinson  made  numerous  inconsistent  statements  to  the  police regarding his whereabouts at the time of the incident, and his claimed alibis were found to be false.

{¶ 3}  Multiple  pretrials  were  held  in  the  case,  and  discovery  was conducted.  On June 12, 2023, a plea hearing was held at which Robinson entered a guilty plea to each of three amended counts pursuant to a negotiated plea agreement.  Thereafter, the trial court granted his request for new counsel and

assigned him two new attorneys. The court also granted his first presentence motion to withdraw his guilty pleas.

{¶ 4} On January 14, 2024, which was approximately two weeks before the case was set for trial, another plea hearing was held at which the State set forth the terms of another negotiated plea offer on the record, which included a recommended sentencing range of 18 to 22 years, which was lower than the first plea agreement. Defense counsel represented that they had gone over the plea offer at length with Robinson. The trial court reviewed the plea offer with Robinson, including the amended charges to which Robinson would be pleading and the possible penalties, and the court informed Robinson that "[i]t's up to you if you want to plead or if you want to have a trial." The trial court also informed Robinson of the indicted charges against him in the case and the possible penalties that could be imposed on those charges. Robinson expressed his understanding, and he stated that he was "going to take the deal."

{¶ 5} After the court indicated that it was not going to proceed with sentencing that day because more information was needed to decide on the recommended sentencing range of 18 to 22 years, the court began a plea colloquy with Robinson. When the court asked if Robinson was "thinking clearly," Robinson stated "not really" because his "mind is scrambled." Upon further inquiry, Robinson expressed that he understood what the court went over, but he stated that he did not "understand my mental" and expressed that he did not know what he was doing. Robinson's competency was not in dispute, and the trial court

observed that Robinson had previously made a voluntary and intelligent plea in the case without any issue and indicated that Robinson could not simply "throw everything in the air and see if the judge will buy into it." Robinson then expressed that what he was trying to ask was if he could get more time "to think about it[.]"

{¶ 6} The prosecution informed the court that the plea offer would only be available that day and indicated that Robinson had discovery for over a year, that Robinson knew what the prosecution had in the case, and that the victim's family needed to be considered. The trial court reiterated that Robinson was not being forced to take the plea, and he could do "whatever works for him." Robinson stated he would "just do it now" and elected to enter a plea rather than have a trial.

{¶ 7} The trial court proceeded to engage in a Crim.R. 11 colloquy with Robinson. The court informed Robinson of the nature of the charges to which he would be pleading, the maximum penalties involved, Robinson's rights, and the rights he would be waiving by entering a plea of guilty. Robinson repeatedly confirmed his understanding, he indicated he had no questions, and he confirmed that he did not want a trial. Robinson also confirmed that nobody had forced him or threatened him to plead guilty.

{¶ 8} Following the trial court's Crim.R. 11 colloquy with Robinson, the trial court stated that it was satisfied that "Robinson understands the nature of the charges, the effect of the plea, and the maximum sentence that he's facing, which in [Robinson's] case was a range of 18 to 22 years." The court found that Robinson was going to make a knowing, voluntary, and intelligent plea; and Robinson

confirmed that he understood what he was doing. Robinson proceeded to enter a plea of guilty to an amended Count 1 for involuntary manslaughter with a three-year firearm specification, an amended Count 8 for felonious assault with a three-year firearm specification, and an amended Count 12 for aggravated robbery without firearm specifications. The remaining counts were nolled. The trial court accepted Robinson's guilty pleas.

{¶ 9} At the start of the sentencing hearing on January 27, 2025, Robinson made an oral motion to withdraw his guilty pleas, to which the State objected. The State argued that although a presentence plea-withdrawal request is to be liberally granted, Robinson did not have an absolute right to withdraw his plea and that a denial of Robinson's request was warranted. The State discussed the nine factors that courts have used when evaluating a presentence motion to withdraw a guilty plea. Defense counsel argued that the oral motion should be granted because Robinson believed there was insufficient evidence in the case, his motion was made prior to any sentencing, Robinson should be given a full and fair opportunity to confront his accuser at trial, and no witnesses had to physically come to court that day.

{¶ 10} After hearing arguments from both parties, the trial court denied the motion and set forth its reasons. Among other relevant factors, the trial court took into consideration the history of the case, which included a prior plea-withdrawal request that had been granted, and the appointment of new counsel for Robinson; Robinson's representation by highly competent counsel; two full Crim.R. 11

hearings were held in the case; Robinson's understanding of his rights and the rights he would be waiving, as well as his prior indications that he did not want a trial; Robinson's entry of a knowing, voluntary, and intelligent plea; the court was providing a complete and impartial hearing on Robinson's oral motion to withdraw his guilty pleas, and the court was giving full consideration to Robinson's request and the arguments presented; the matter had been pending for over a year, trial was continued, plea negotiations occurred, and discovery was conducted; and prejudice to the State would occur in the form of the victim not having closure and being told twice there had been a plea deal, along with concerns with the victim's health and possibly not being able to testify at a trial. The court did not find that there were specific reasons given by Robinson to withdraw his plea or that any defense was raised, and the court also believed Robinson understood the charges and the penalties involved. Although the trial court deemed Robinson's presentence motion timely, the court did not find his motion to be well taken.

{¶ 11} After denying Robinson's oral motion to withdraw his guilty pleas, the trial court proceeded to sentence Robinson on each count to which he pleaded guilty for a total aggregate sentence of 22 to 26 years of imprisonment. Robinson timely filed this appeal.

## II. Law and Analysis

{¶ 12} Robinson raises one assignment of error under which he claims the trial court abused its discretion in denying his motion to withdraw his guilty pleas.

{¶ 13} For purposes of our review, we recognize that a presentence motion to withdraw a guilty plea should be freely and liberally granted, and there is a presumption in favor of permitting a presentence plea withdrawal. *State v. Barnes*, 2022-Ohio-4486, ¶ 21, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "This is the presumption from which all other considerations must start." *Id.* However, "a defendant does not have an absolute right to withdraw guilty plea," and "denying a defendant's motion to do so has been upheld in various circumstances[.]" (Citations omitted.) *Id.* at ¶ 22. A trial court must conduct a hearing to determine whether there is "a reasonable and legitimate basis" for withdrawing the plea, and the decision to grant or deny the motion "is within the sound discretion of the trial court." *Xie* at paragraphs one and two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527.

{¶ 14} Crim.R. 32.1, which provides for the withdrawal of a guilty plea, "gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." *Xie* at 526. Likewise, the rule does not contain any factors a court must consider when ruling upon a presentence motion to withdraw a guilty plea. *See* Crim.R. 32.1. To aid review, courts have identified nine nonexhaustive factors for evaluating a presentence motion to withdraw a guilty plea. *State v. Wilder*, 2025-Ohio-3075, ¶ 20 (8th Dist.). Those factors include whether (1) the defendant was represented by competent counsel, (2) the defendant was given a full Crim.R. 11 hearing before he entered his plea, (3) the defendant is given a complete hearing on the motion to withdraw, (4) the record reveals that the court

gave full and fair consideration to the plea-withdrawal request, (5) the motion was made in a reasonable time, (6) the motion stated specific reasons for withdrawal, (7) the record shows that the defendant understood the nature of the charges and the possible penalties, (8) the defendant had evidence of a plausible defense, and (9) the State would be prejudiced by permitting the defendant to withdraw his guilty plea. *Wilder* at ¶ 20-21, citing *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980), paragraph three of the syllabus; *State v. Fish*, 104 Ohio App.3d 236 (1st Dist. 1995); *Barnes* at ¶ 32 (Brunner, J., concurring). Ultimately, it remains "'within the sound discretion of the trial court to determine what circumstances justify granting such a motion.'" *Xie* at 526, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir. 1978).

{¶ 15} On appeal, Robinson claims the trial court abused its discretion in denying his motion for four reasons. He argues that (1) his motion was made prior to sentencing; (2) he did not understand the charges and possible penalties he faced; (3) the trial court failed to give a full Crim.R. 11 hearing before he entered his pleas; and (4) the State would not have been prejudiced if he had been permitted to withdraw his presentence plea and proceed to trial. We are not persuaded by his arguments.

{¶ 16} The record shows that Robinson's oral motion was made at the start of the sentencing hearing, nearly two weeks after entering his guilty pleas pursuant to a negotiated plea agreement. Although some courts have found that "a motion to withdraw a guilty plea made on the day of the sentencing hearing is not made at

a reasonable time[,]" *State v. Estep*, 2024-Ohio-58, ¶ 30 (4th Dist.), in this case, the trial court considered Robinson's presentence motion timely. Regardless, this is just one of many factors considered, and no one factor is conclusive. *See Wilder*, 2025-Ohio-3075, at ¶ 21, citing *Fish* at 240.

{¶ 17} Insofar as Robinson argues that he did not understand the nature of the charges and possible penalties he faced, our review of the plea hearing held on January 14, 2024, shows otherwise. The court reviewed the plea offer, which included a recommended sentencing range of 18 to 22 years, the charges in the case, and the potential penalties involved. Robinson expressed his understanding and stated he was going to take the deal. Although he proceeded to express that his mind was scrambled and that he did not know what he was doing, his competency was not in question, and he stated that what he was trying to ask was for "more time" to think about it. Robinson had previously withdrawn a plea in the case, a more favorable plea offer was negotiated that defense counsel had reviewed with him at length, and the case was set for trial. As the State argued, Robinson had discovery for over a year, and he knew what the prosecution had in the case. After being informed that the prosecution would only offer the plea offer that day and told that he could do "whatever works for him," Robinson chose to "just do it now." The trial court proceeded to engage in a Crim.R. 11 colloquy with Robinson and again informed him of the amended charges to which he would be pleading, the potential penalties, and the recommended sentencing range of 18 to 22 years. The court also informed Robinson of his constitutional rights and the rights he would be waiving by

entering a plea of guilty. Robinson clearly expressed his understanding, and he also confirmed he did not want a trial. As this court found in another case, "[t]he record shows that [appellant] understood the nature of the charges and possible penalties, particularly because the court took things 'slowly' to make sure that he comprehended what was occurring." *State v. Banks*, 2019-Ohio-1770, ¶ 18 (8th Dist.).

{¶ 18} The record also reflects that Robinson was given a full Crim.R. 11 hearing, which was his second in the case. "Crim.R. 11 governs guilty pleas and guilty-plea colloquies and ensures that a defendant understands that by pleading guilty, he is waiving numerous constitutional rights." *Barnes*, 2022-Ohio-4486, at ¶ 15. "Crim.R. 11(C) also ensures that when a defendant pleads guilty, he is making that plea knowingly, intelligently, and voluntarily." *Barnes* at *id*.

{¶ 19} Robinson's argument on appeal is that he was never asked if he was satisfied with assigned counsel or if any promises were made to induce his plea. These questions are not required under Crim.R. 11, and the record demonstrates that Robinson was represented by highly competent counsel, Robinson confirmed he was not forced or threatened to plead guilty, he never claimed any promises had been made, and he never expressed any dissatisfaction with his attorneys. The trial court was not obligated to inquire further. *See State v. Woods*, 2024-Ohio-1589, ¶ 19 (8th Dist.); *State v. Watson*, 2014-Ohio-2373, ¶ 13 (9th Dist.). Robinson does not present any other argument pertaining to Crim.R. 11. In this regard, "It is the duty of the appellant, not an appellate court, to demonstrate an assigned error

through an argument that is supported by citations to legal authority and facts in the record." (Cleaned up.) *State v. Singleton*, 2025-Ohio-1735, ¶ 18 (8th Dist.); *see also State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part).

{¶ 20} We also recognize that the reason given to the trial court for wanting to withdraw his guilty pleas was a general assertion that Robinson believed that there was insufficient evidence in the case and that he should have a full and fair opportunity for trial. The record shows that discovery had been provided, the evidence against Robinson was compelling, Robinson did not assert he had any defense, and he did not set forth any viable reason to support his plea-withdrawal request. Also, Robinson entered his guilty plea with full knowledge that he could reject the plea offer and exercise his right to go to trial. At no time did he state that he did not understand the consequences of the plea or the potential penalties, he did not assert actual innocence, and he never demonstrated any prejudice.[1] It appears from our review of the record that Robinson's motivation for requesting to withdraw his plea was nothing more than a change of heart. "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." (Cleaned up.) *State v. Wilder*, 2025-Ohio-3075 at ¶ 26.

---

[1] We note that "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *See State v. Griggs*, 2004-Ohio-4415, ¶ 19. *Griggs* remains good law and was not explicitly overruled by *State v. Dangler*, 2020-Ohio-2765; *see also State v. Fontanez*, 2024-Ohio-4579, ¶ 25 (8th Dist.) (*Fontanez* is currently pending before the Supreme Court of Ohio).

{¶ 21} Additionally, the State argued that it would be prejudiced because the victim would not have closure after a year of cooperating with the State and twice being told a plea deal had been reached, and because the surviving victim might not be able to come to court to testify because of his health after being shot by Robinson. The trial court was free to take this into consideration.

{¶ 22} Finally, despite Robinson's focus on four factors, these were not the only factors considered. The trial court conducted a complete hearing, heard from the parties, and gave full and fair consideration to Robinson's oral motion to withdraw his guilty pleas. The trial court acknowledged such a motion is to be granted liberally, and the court carefully considered the relevant factors and all the circumstances of the case. Ultimately, Robinson did not have a reasonable and legitimate basis for withdrawing his guilty pleas.

{¶ 23} Upon our review, we do not find that the trial court's decision to deny Robinson's motion to withdraw his guilty pleas was unreasonable, arbitrary, or unconscionable. Finding no abuse of discretion, we overrule his assignment of error.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)